**GROSS et ux. v. O. K. STORAGE & VAN CO., Inc.**

**No. 5154.**

Court of Appeal of Louisiana.
Second Circuit.

Nov. 6, 1935.

Hunter & Hunter, of Shreveport, for appellant.

M. T. Monsour, of Shreveport, for appellees.

MILLS, Judge.

On April 8, 1933, plaintiffs delivered for storage to the Security Storage & Transfer Co., Inc., at Shreveport, La., a lot of household goods and furniture. The receiving company maintained a modern, eight-story building designed for use in the warehouse or storage business. It was succeeded by the O. K. Storage & Van Co., Inc., which admits its liability for any recovery in this case. The Security & Storage Co., Inc., has gone out of business and was never successfully cited.

The goods were first stored in a locker room, were removed to the main floor at plaintiffs' request to facilitate display in an attempted sale and mortgage, and afterward returned to the locker room. Some articles were taken out to help furnish an apartment and afterward returned, with the exception of a few things taken to a hotel. There is no proof that in these various movements the goods received any material damage.

In January, 1934, plaintiffs rented a house on Margaret place, in Shreveport, large enough to permit the letting of rooms. They notified defendant, O. K. Storage & Van Co., Inc., to deliver the stored goods there. Delivery was made after dark on January 8th, so that no inspection was made until the next morning. Several articles were missing, an enamel ice box and the dishes badly chipped, the cooking utensils rusted, the mattresses waterstained, and the veneered furniture peeled and warped and falling apart. Plaintiffs made due complaint and an unsuccessful attempt was made by defendant to have the furniture repaired to the satisfaction of plaintiffs. Being unable to reach an agreement, this suit was brought, in which damages totaling $1,500 are demanded, made up of $812.20 for articles damaged and missing; $300 loss of rentals; and $387.80 humiliation and inconvenience.

After due trial had, there was judgment for plaintiffs in the sum of $280.50 cost of repairing the furniture; $50 unrepairable damage to furniture; and $150 for damage to and loss of other articles, amounting in all to $480.50 with interest and costs.

From this judgment, defendant has appealed. Plaintiffs, in their brief, ask an increase, but as the appeal is not answered, no increase can be considered.

We are satisfied that the principal damage was caused by wetting, due to an abnormal rainfall in July, 1933. Of course, defendant could not prevent this rain or a certain amount of seepage into the building, but, with full knowledge of this condition, they gave no notice to plaintiffs, made no inspection, and took no steps to prevent the threatened damage.

The liability of a warehouseman for the care of goods stored with him is fixed in this state by statute. Section 21 of Act No. 221 of 1908 provides: "A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary for any loss or injury to the goods which could not have been avoided by the exercise of such care."

This is in conformity with the common-law rule. Gold v. Caddo Transfer & Warehouse Co., Inc., 7 La. App. 342.

The damage in this case, such as the rusting of the cooking utensils, the peeling and warping of the veneer, and the coming apart of the furniture, was due not so much to the original wetting, but to the fact that it was allowed to stand so long in that condition.

We think the duty of a prudent, experienced warehouseman does not cease with the proper packing and storage of goods; that, when unusual or even unforeseen conditions arise, he must take reasonable steps to prevent or minimize the damage liable to ensue. This defendant did not do so, and is therefore liable for the resulting damage. No useful purpose would be served by reviewing each item of damage. Suffice it to say that we find the judgment appealed from correct as to the law and reasonable as to the quantum. It is therefore affirmed.